## INJUNCTION.

[Hamilton County Circuit Court.]

### ROTHSCHILD'S SONS' CO. v. BRUNSWICK-BALKE-COLLENDER CO.

1. ADVERTISEMENT ON COMPETITOR'S GOODS.

    Where the proof shows that plaintiff is being injured through an advertisement placed on goods made by a competitor in imitation of those manufactured by plaintiff, an injunction will be allowed.

2. MISREPRESENTATIONS—INJUNCTION.

    But as to mere misrepresentations, from which plaintiff fails to show actual injury, no injunction will be granted.

SHAUCK J.

A majority of the court think the judgment of the superior court should be modified to the extent that the Rothschild's Sons' Co., should be restrained from publishing the matter relating to the Brilliant Novelty billiard table on page 83 of their catalogue. Witness Friend, at page 47 of bill, testified that to his personal knowledge he has seen tables of this style and design, with the name of Rothschild's Sons' Co., on them, which were not the tables of the defendant in error, but were made by other manufacturers in imitation of the defendant's table. This, we think, is clear proof of an injury to the property right of defendants. It shows the Rothschild's Sons' Co., to have sold tables representing them to be the Brilliant Novelty table, which was the defendants' table, which tables were not made by the defendants, but which were made in imitation thereof by Rothschilds. . Thus the purchasers were deceived and the defendants injured, and this may have been brought about by the advertisements referred to. It was calculated to do it.

As to the other matters enjoined, the proof fully fails to show any facts corresponding with the above.

As to the advertisement on page 80, where they give a cut of Hannah & Hogg's saloon in Chicago, it appears from the evidence of Mr. Hogg that it bears no resemblance to their saloon, the tables of which were made by the defendants.

There is not a particle of evidence that tends to show that any injury has been, or will be, caused defendants by this advertisement. It is true that it is a piece of barefaced and wonderful lying on the part of Rothschild's Sons' Co.; but lying does not always benefit the one engaged in it, or injure the one intended to be injured; and, as we understand the law to be, there must be something more shown, before the party is entitled to relief, than mere lying being indulged in.

To the same effect is the evidence in regard to the Manhattan Table, on page 83. There is no evidence that plaintiffs in error are selling, or offering to sell, tables made by them in imitation of defendants' table. They claim to be the originators of this table. The evidence clearly shows this to be a miserable lie, made without reason or excuse. The property right of the defendants in this table is to prevent others from selling or offering to sell tables under this name or design, which in fact were not made by defendants, but which were made by others in imitation thereof, but it does not embrace the right to prevent any one from lying about it by means of an injunction.

The same may be said in regard to the advertisement on page 84, in regard to Simonis cloth. They claim to import all the genuine Simonis cloth imported into this country, whereas the evidence shows that they did not import any. Neither does the defendant; but the evidence shows that the defendant buys ninety per cent. of all that is imported into this country. It seems to us that this is a harmless lie in the eyes of the law, as far as defendant is concerned, although a reckless and senseless one to tell.

To the same effect are the advertisements of the Eclipse lamps and cushions. They are simply lies, made out of whole cloth, and for no apparent purpose, for

the evidence fails to show that the plaintiffs are selling, have sold, or are about to sell, any of these articles as the defendants', when in fact they are not.

Besides the evidence of defendants is to the effect that they have virtually no competition in this country in their line of business.

Only one of the witnesses runs a billiard table bearing the mark of the plaintiffs, and all of the billiard experts, who are familiar with billiard tables and makers, never heard of the plaintiffs, except as disclosed to them by the production of the plaintiff's advertisement. No damage seems to have resulted to defendant's business, and it does not seem to us very probable that it will through such shameless lying as this.

I think the judgment should stand as it is.

*D. Heinsheimer* and *Wm. L. Avery*, for plaintiff in error.

*Howard Douglass* and *Kittredge, Wilby & Simmons*, for the Brunswick-Balke-Collender Co.